UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LUIS E. FELICIANO,

Plaintiff,

v. Case No: 6:15-cv-163-Orl-JSS

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_________________________________/

**ORDER**

Plaintiff, Luis E. Feliciano, seeks judicial review of the denial of his claim for a period of disability, disability insurance benefits, and supplemental security income. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

**BACKGROUND**

**A. Procedural Background**

Plaintiff filed an application for a period of disability and disability insurance benefits on July 30, 2011, and an application for supplemental security income on August 2, 2011. (Tr. 20.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 20.) Plaintiff then requested an administrative hearing. (Tr. 20.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 20.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 17–37.) Subsequently, Plaintiff requested review from the Appeals Council, which

the Appeals Council denied. (Tr. 1–10.) Plaintiff then timely filed a complaint with this Court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**B. Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1971, claimed disability beginning on May 31, 2011. (Tr. 20, 29.) Plaintiff has a high school education and passed the General Educational Development ("GED") exam. (Tr. 29, 49.) Plaintiff's past relevant work experience included work as a janitor, customer service representative, machine packager, youth nutritional monitor, and store laborer. (Tr. 28.) Plaintiff alleged disability due to diabetes, morbid obesity, hypertension, anemia, shoulder and back problems, depression, sleep apnea, a learning disorder, attention deficit hyperactivity disorder, and chronic Achilles tendonitis. (Tr. 25, 306.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since May 31, 2011, the alleged onset date. (Tr. 22.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, obesity, obstructive sleep apnea, history of gastritis, history of Achilles tendinitis, diabetes mellitus, and depression. (Tr. 22.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 23.)

The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work, specifically the ability to lift/carry and push/pull twenty pounds occasionally and ten pounds frequently; sit for four hours at a time and a total of eight hours during an eight-hour day; and stand and/or walk for two hours at a time and a total of six hours during an eight-hour day. (Tr. 24.) The ALJ further found that Plaintiff is precluded from climbing ropes, ladders,

and scaffolds but can perform occasional climbing of stairs and ramps and occasional balancing, stooping, kneeling, crouching, and crawling. Further, he has no limitations regarding manipulation, vision, or communication and has no environmental limitations. The ALJ found that Plaintiff is precluded from performing complex tasks but is capable of performing simple, routine tasks consistent with unskilled work with concentration on those tasks for two-hour periods with normal breaks and a lunch, and he is precluded from more than occasional interaction with the public, co-workers, and supervisors. (Tr. 24.)

In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not fully credible. (Tr. 26.) Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined that Plaintiff could not perform his past relevant work. (Tr. 28.) Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a cleaner polisher, power screw operator, and label coder. (Tr. 29.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 30.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical,

physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled or not disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the

factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff challenges the ALJ's decision on the following grounds: (1) the ALJ erred in determining Plaintiff's RFC by failing to adequately consider and weigh certain medical opinions; (2) the ALJ erred in relying on the testimony of the VE after posing an incomplete hypothetical question; and (3) the ALJ erred in determining Plaintiff's credibility. For the reasons that follow, these contentions do not warrant reversal.

### A. Residual Functional Capacity

Plaintiff argues that the ALJ erred in determining Plaintiff's RFC by "fail[ing] to note the weight assigned" to the opinions of Central Florida Primary Physicians, Dr. Maha F. Ansara, and Dr. Jose A. Torres.

The record in this case reflects that Central Florida Primary Physicians completed a physical capacity evaluation on January 29, 2013, which included findings that Plaintiff was

limited to sitting for one hour in an eight-hour workday, standing or walking for thirty minutes in an eight-hour workday, and was precluded from reaching overhead, climbing, balancing, stooping, kneeling, crouching, crawling, and lifting more than five pounds. (Tr. 824–829.) Although the opinion from Central Florida Primary Physicians is dated before the ALJ's March 27, 2013, decision, Plaintiff did not submit the opinion to the ALJ. (Tr. 36–37.) Rather, the opinion was submitted after the ALJ's decision and was submitted to the Appeals Council as part of Plaintiff's request to review the ALJ's decision. (Tr. 5, 6.)

On review, the Appeals Council found no reason to review the ALJ's decision, finding that the newly submitted evidence did not provide a basis for changing the ALJ's decision. (Tr. 2.) *See Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 783–85 (11th Cir. 2014) (providing that the Appeals Council is not required to provide a detailed explanation of a claimant's new evidence when it denies a petition for review and that it is sufficient for the Appeals Council to simply state that it considered the additional evidence but that "the information did not provide a basis for changing the ALJ's decision"). Notably, however, Plaintiff does not challenge the Appeals Council's decision or raise any argument regarding the Appeals Council's review. Therefore, Plaintiff's argument that the ALJ failed to assign weight to an opinion that was not before the ALJ is without merit.

Further, as noted by the Commissioner, there is no indication that the opinion from Central Florida Primary Physicians is a medical opinion entitled to great weight, as the author of the opinion is unknown, and no information indicates whether the author is an acceptable medical source. *See* 20 C.F.R. §§ 404.1502, 416.902 (defining who is considered an acceptable medical source); *Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 762 (11th Cir. 2014) (providing that opinions from sources who are not acceptable medical sources are not considered medical opinions

that would be entitled to substantial weight); *Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 834 (11th Cir. 2011) ("A doctor's opinion on dispositive issues reserved to the Commissioner . . . is excluded from the definition of a medical opinion and is not given special weight, even if it is offered by a treating source."). Additionally, the opinion from Central Florida Primary Physicians does not undermine the substantial evidence supporting the ALJ's decision, including records indicating normal musculoskeletal exams, no requirement to ambulate with a cane, only mild degenerative changes, and intact motor strength and range of motion, and, as cited by the ALJ, progress notes from Central Florida Primary Physicians indicating normal physical examination results. (Tr. 26, 27, 495–500, 609, 612–620, 635–643, 653, 656–666, 672, 712–713, 734.) *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (providing that the RFC assessment is based on all of the relevant evidence).

In regard to the opinions of Dr. Ansara and Dr. Torres, Plaintiff fails to identify the opinions he believes the ALJ failed to consider and does not offer any argument regarding how the opinions would have affected the outcome of the ALJ's determination. Plaintiff merely states, in a single sentence, that "[the] ALJ does not indicate the weight he assigned to Dr. Ansara or Dr. Torres, other treating physicians." (Dkt. 27 at 14.) Plaintiff's conclusory statement is insufficient to preserve this issue for appeal. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("[A]n appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it.").

In regard to the medical opinions, the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). However, there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his or her decision, so long as the decision is not "a broad rejection" that leaves the court with insufficient information to determine whether the ALJ considered the claimant's medical condition as a whole. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).

In this case, the ALJ did not assign weight to the opinions of Dr. Ansara or Dr. Torres. However, upon review of the ALJ's decision, it is clear that the ALJ considered their opinions and Plaintiff's medical condition as a whole. Notably, the ALJ refers to Plaintiff's "treating orthopedist" throughout the decision and relied substantially on Dr. Torres' findings as to Plaintiff's moderate symptoms and normal examination results. (Tr. 25–26.) *See Hunter v. Comm'r of Soc. Sec.*, 609 F. App'x 555, 558 (11th Cir. 2015) (finding that the plaintiff failed to demonstrate reversible error when the ALJ did not specifically identify the plaintiff's physician by name but summarized the physician's treatment notes and finding that the failure to state the weight assigned to the opinion was harmless because it did not affect the ALJ's ultimate determination).

Further, there is no indication that the ALJ discounted Dr. Torres' opinion or that the opinion contradicted the ALJ's findings. Rather, Dr. Torres' opinion supports the ALJ's decision. Specifically, Dr. Torres stated that Plaintiff's "symptoms at this point are out of proportion" and did not find that Plaintiff was a candidate for surgery because the MRI findings "are not sufficiently severe." (Tr. 707.) Indeed, Dr. Torres repeatedly advised against surgery and instead recommended more conservative treatment, including arthroscopic shoulder decompression for

his shoulder pain, weight loss for his diabetes, increased ambulation, and compliance with an appropriate exercise routine to improve his overall condition. (Tr. 706–713.)

Dr. Torres further found that his MRI findings are "moderate at most" and, given such findings, that he did not have "a specific answer or explanation for his ongoing symptoms." (Tr. 801.) Dr. Torres indicated that Plaintiff's lumbar spine condition is treatable, and his disc herniation has resolved. (Tr. 801–802.) He also found that Plaintiff did not require surgery, and his exams showed no evidence of disc herniation, no acute abnormalities, and only minimal degenerative changes. (Tr. 802, 803.) Therefore, any failure to state the weight given to Dr. Torres' opinion was harmless. *See Caldwell v. Barnhart*, 261 F. App'x 188, 191 (11th Cir. 2008) (finding that the ALJ's failure to state the weight given to a physician's opinions was harmless error because the opinions did not otherwise contradict the ALJ's findings).

Similarly, the treatment records from Dr. Ansara's office do not include any limitations resulting from Plaintiff's impairments. (Tr. 671–673, 742–755, 812–813.) Notably, a review of the record fails to establish that Dr. Ansara provided any opinion regarding Plaintiff's impairments or that Dr. Ansara was Plaintiff's treating physician. Rather, the records indicate that Dr. Ahmad Ali, who worked alongside Dr. Ansara at Regency Endocrinology, completed various progress notes regarding Plaintiff's diabetes. (Tr. 671–673, 745–755, 812–813.) In his decision, the ALJ referenced the exam findings and progress notes from Dr. Ali, which indicated that Plaintiff suffered from diabetes and elevated blood glucose levels associated with non-compliance with diet and exercise. (Tr. 27, 672, 754, 813.) Therefore, the ALJ properly considered Dr. Ali's opinion and Plaintiff's diabetes as a severe impairment, and Plaintiff's argument regarding Dr. Ansara's opinion is not supported by the record.

**B. Hypothetical Question**

Plaintiff argues that the ALJ improperly relied on the testimony of the VE after posing a hypothetical question that did not adequately reflect Plaintiff's limitations. Specifically, Plaintiff argues that the ALJ erred by relying on the VE's "flawed testimony" because the ALJ failed to weigh the opinions of Plaintiff's treating physicians, as raised in Plaintiff's first argument discussed above. (Dkt. 27 at 16.)

However, Plaintiff does not identify any such limitations that the ALJ allegedly failed to incorporate into his hypothetical. *See Freeman v. Comm'r, Soc. Sec. Admin.*, 593 F. App'x 911, 916 (11th Cir. 2014) (affirming the ALJ's decision because the hypotheticals posed by the ALJ were consistent with the RFC determination and adequately considered all of [the claimant's] credible limitations); *Crawford v. Comm'r Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) ("[T]he ALJ [is] not required to include findings in the hypothetical that the ALJ . . . properly reject[s] as unsupported."). Nor does Plaintiff identify any impairment that the ALJ failed to consider in posing a hypothetical question to the VE. *See Wilson*, 284 F.3d at 1227 (providing that the VE's expert testimony constitutes substantial evidence when the ALJ poses a hypothetical question that comprises all of the claimant's impairments). Further, as determined above, Plaintiff has failed to establish that the ALJ erred in weighing the opinions of Plaintiff's treating physicians. *See* discussion *supra* Section A.

**C. Credibility**

Plaintiff argues that the ALJ erred in finding that Plaintiff was not entirely credible when the record "clearly reveals" that Plaintiff suffered from "documented impairments causing significant limitations." (Dkt. 27 at 16.) Specifically, Plaintiff argues that the ALJ's "boilerplate"

credibility statement does not offer sufficient reasoning to support the ALJ's determination that Plaintiff is not fully credible. (Dkt. 27 at 17.)

In addition to the objective evidence of record, the ALJ must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529(a). A three-part "pain standard" applies when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). A plaintiff must show: (1) objective medical evidence of an underlying medical condition and either (2) objective medical evidence that substantiates the severity of the pain from the condition or (3) that the objectively determined medical condition is of sufficient severity that it would reasonably be expected to produce the pain alleged. *Id.*; *Wilson*, 284 F.3d at 1225.

The ALJ can make credibility determinations regarding a claimant's subjective complaints and must provide specific reasons for the credibility finding. *Holt*, 921 F.2d at 1223. When the ALJ discredits the claimant's subjective testimony, the ALJ must articulate explicit and adequate reasons for doing so. *Foote v. Chater*, 67 F.3d 1553, 1561–62 (11th Cir. 1995); *see also Holt*, 921 F.2d at 1223 ("[T]he ALJ's discretionary power to determine the credibility of testimony is limited by his obligation to place on the record explicit and adequate reasons for rejecting that testimony."). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote*, 67 F.3d. at 1562.

When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms. 20 C.F.R. § 404.1529(c)(3). The credibility

determination does not need to cite particular phrases or formulations. However, it cannot merely be a broad rejection that is not enough to enable the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole. *Dyer*, 395 F.3d at 1210.

A review of the ALJ's decision reflects that the ALJ carefully considered Plaintiff's testimony and provided adequate reasons for finding Plaintiff not entirely credible. Plaintiff argues that the ALJ made the following "boilerplate" finding regarding Plaintiff's credibility:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

(Tr. 26.) However, Plaintiff includes only a portion of the ALJ's credibility finding, as the ALJ's analysis did not end there. Rather, in determining Plaintiff's credibility, the ALJ specified the various inconsistencies that undermined Plaintiff's testimony. (Tr. 25–26.) For example, the ALJ found that Plaintiff stated that he was able to independently perform certain self-care tasks but then contradicted that statement at the hearing by stating that he could not perform those tasks without assistance. (Tr. 25, 298.) The ALJ also referred to Plaintiff's statement that surgical intervention was recommended for his back problems and noted that Plaintiff's treating orthopedist did not find Plaintiff's symptoms consistent with the medical evidence revealing only moderate impairment. (Tr. 25.) As discussed above, the medical records substantiate the ALJ's finding in this regard, as Dr. Torres found only moderate impairment, concluded that Plaintiff's symptoms were inconsistent with his examination results, and doubted that Plaintiff required surgery. (Tr. 707, 801–802.)

The ALJ further noted that Plaintiff's statement that his medications have not alleviated his condition was inconsistent with the lack of complaints of adverse side effects in the record and

Plaintiff's reports that he continued to take his mediations without complaint. (Tr. 25, 295, 304.) *See Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990) (providing that side effects are not a significant problem that the ALJ must discuss unless there are complaints to physicians and concerns expressed by the physicians); 20 C.F.R. § 404.1529(c)(3) (providing that the ALJ considers the effects of medications when evaluating a claimant's subjective symptoms). A review of the record indicates that Plaintiff failed to report mediation side effects to his physicians or on several disability forms. (Tr. 63, 330, 344, 349, 718, 763.) Plaintiff further provided inconsistent statements regarding his ability to communicate in English, as Plaintiff's psychological evaluation reported that Plaintiff communicated in English and passed the GED exam in English. (Tr. 25, 48–49, 622.) *See* 20 C.F.R. § 404.1564(b)(5) (providing that the ALJ considers a claimant's education, including the ability to communicate in English, as a vocational factor).

The ALJ then noted that Plaintiff reported that he had not worked since the onset date of May 31, 2011, but the earnings record showed significant earnings in 2012. (Tr. 25, 244–258.) Additionally, Plaintiff reported receiving job offers and was hired as a custodian in 2012, and no receipt of work-related benefits during that time was reported. (Tr. 25, 589.) *See Turner v. Comm'r of Soc. Sec.*, 182 F. App'x 946, 949 (11th Cir. 2006) (finding that the claimant's daily activities, including her admission that she looked for work while she was allegedly disabled, were inconsistent with her complaints of disabling pain).

Finally, the ALJ noted that Plaintiff's testimony was inconsistent with the radiographic imaging and medical findings showing well-preserved anatomical functioning. (Tr. 26.) The ALJ then summarized Plaintiff's medical history and relevant examination findings, including normal exam results, moderate symptoms, and recommendations for conservative treatment. (Tr. 26–27, 495–532, 545–547, 552, 603, 605, 608, 609–610, 612–618, 646, 652, 653, 712, 720–724, 734–

735, 743–755, 760, 820–821.) As such, it is clear that the ALJ went beyond merely citing "boilerplate" language to support his credibility finding and articulated specific reasons to support his conclusion that Plaintiff's statements were less than credible. *See Leiter v. Comm'r of Soc. Sec. Admin.*, 377 F. App'x 944, 948 (11th Cir. 2010) (finding that the ALJ's credibility determination was supported by substantial evidence because the ALJ clearly articulated explicit reasons for rejecting the claimant's subjective complaints).

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**.
2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on August 8, 2016.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record